## WREDE v. GILLEY et al.

(Supreme Court, Special Term, New York County. December 8, 1908.)

BANKRUPTCY (§ 196*)—ESTATE—ASSETS.

Where a receiver in supplementary proceedings of a debtor owning a membership in the New York Stock Exchange did not take any steps to follow the debtor's property in such membership and recover the same until after a trustee in bankruptcy had been appointed for the debtor and there had been a sale of the membership, the surplus proceeds of the sale, after deducting claims payable under the rules of the ex-

change, were payable to the trustee in bankruptcy, and not to the re-
ceiver.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 316; Dec.
Dig. § 196.*]

Action by John A. Wrede, as receiver in supplementary proceedings
of William S. Alley, against Franklin W. Gilley, treasurer of the New
York Stock Exchange, and William L. Clarke, as trustee in bank-
ruptcy of Alley, to recover the value of a membership in the New
York Stock Exchange owned by Alley prior to his bankruptcy and
death. Judgment for defendant Clarke.

John H. Rogan (Albert Ritchie, of counsel), for plaintiff.
Albert C. Aubery, for defendants Clarke, Carter, Ledyard, and Mil-
burn.

NEWBURGER, J. On July 10, 1906, one Oothout recovered a
judgment against one Alley, and on the 19th day of February, 1907,
the plaintiff was appointed receiver of the property of Alley in sup-
plementary proceedings and qualified as such receiver on the 25th
day of February, 1907. On the 3d day of May, 1907, on his own peti-
tion, Alley was adjudicated a bankrupt in the United States Court for
the Southern District of New York, and the defendant Clarke was
appointed trustee in bankruptcy on the 10th day of June, 1907. On
the 5th day of August, 1907, after he had been declared a bankrupt,
the bankrupt died. At the time of filing his petition in bankruptcy
he was a member of the New York Stock Exchange, which fact is
set forth in the schedules annexed to his petition in bankruptcy. Three
days after his death, on the 8th day of August, 1907, the Stock Ex-
change sold the bankrupt's membership, and, after deducting certain
claims payable under the rules of the Exchange, there remains a
surplus of $9,764.19, which is now on deposit in a trust company.
This action is brought by the plaintiff to recover the fund thus re-
maining.

The defendant Clarke claims the fund by reason of his appointment
in the bankruptcy proceedings. Had the plaintiff instituted proceed-
ings immediately after his appointment, and taken steps to follow
whatever property there was in the membership of the Exchange, he
would have been protected at this time, and would have been entitled
to the fund now on deposit; but it appears that there were no steps
taken by him until after the trustee in bankruptcy had been appointed
and the sale of the membership had taken place, see Metcalfe v. Bar-
ker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122. Therefore, under
the bankruptcy law, the fund becomes a part of the bankrupt's estate,
and the defendant Clarke is entitled to a judgment directing that the
same be paid over to him.

Submit findings and decree.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes